UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| GERMAINE A. RENN, court appointed Conservator for the Estate of Carol A. Ortbals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:14-cv-04274-NKL |
| CITY OF JEFFERSON, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants City of Jefferson and Matthew Morasch's Motion to Dismiss, [Doc. 13]. For the reasons set forth below, the Motion is granted.

**I.     Background**

On October 13, 2014, Carol Ortbals, by and through Germaine Renn and Adam Ortbals, filed this lawsuit against the City of Jefferson and Matthew Morasch alleging violations of 42 U.S.C. § 1983 after a motor vehicle hit Ortbals as she walking in an unmarked crosswalk. The Amended Complaint seeks a declaration that Defendants are "[r]equired under Federal Law to follow, abide by, and implement each of the prescribed standards of the [Federal Highway Administration's Manual Uniform on Traffic Control Devices (MUTCD)]." [Doc. 7, pp. 16, 19]. It also seeks an injunction prohibiting Defendants "from any further failures to follow the prescribed standards of the MUTCD" and states that Defendants "should be enjoined from any further testimony denying that they must be in compliance with the mandatory provisions of the Federal MUTCD." *Id.*

1

at 16. The cause of the accident and whether various claimants are entitled to damages is the subject of a state court proceeding in the Circuit Court of Cole County, Missouri. *See* Case No. 13AC-CC00504.[1]

Shortly after she filed this lawsuit, Ortbals died from injuries sustained in the accident. Germaine Renn, conservator of Ortbals' estate, filed a motion requesting that she be substituted as the party plaintiff in this case pursuant to Federal Rule of Civil Procedure 25(a)(1). [Doc. 6]. Defendants consented to the substitution without waiving any defenses, and the Motion was granted. [Doc. 10]. Defendants have now filed a Motion to Dismiss arguing that Renn lacks the capacity to bring this lawsuit as a real party in interest and that this Court lacks subject matter jurisdiction because Ortbals' death renders moot the claims for declaratory and injunctive relief. [Doc. 13].

## II.   Discussion

Because federal courts have no authority to issue decisions upon moot questions, the Court will first address Defendants' argument that the claims in the Amended Complaint – which seek only declaratory and injunctive relief – are moot. Defendants argue that Carol Ortbals' death has mooted her equitable claims, and therefore, Renn, as conservator of Ortbals' estate, lacks Article III standing.

"A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action." *See Minnesota Humane Society v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). A claim for equitable relief is moot absent a showing of irreparable injury. There is no irreparable injury "where there is no showing of any real

---

[1] At Plaintiffs' request, the underlying state court proceeding was stayed pending resolution of this case.
2

or immediate threat that the plaintiff will be wronged again." *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999).

The Amended Complaint, which is comprised of claims for injunctive and declaratory relief, is moot because of Ortbals' death. Ortbals cannot benefit from a declaration of Defendants' obligations, if any, under the MUTCD or from an injunction prohibiting further violations of the MUTCD, and Renn has not argued how Ortbals will be wronged again. *See Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (administratrix could not bring declaratory and injunctive relief claims related to an insurance company's obligation to cover certain medication under an insurance plan and ERISA because husband, who died during litigation, could not benefit from a declaration of the company's obligation under the plan); *Halbach v. Great-West Life & Annuity Ins. Co.*, 2007 WL 1566878 (E.D. Mo. 2007) (similar); *ADT Sec. Servs., Inc. v. Swenson*, 687 F.Supp.2d 884, 890-91 (D. Minn. 2009) (trustee and estate of woman who died after security system failed to alert her of intruder could not bring claim for injunctive relief because decedent could not "suffer any further harm from ADT's conduct in the sale and installation of its security systems") (citing *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner's claim for injunctive relief to improve prison conditions was moot where he was no longer subject to those conditions)); *Thomas v. Bryant*, 614 F.3d 1288, 1294 (11th Cir. 2010) (claim for declaratory and injunctive relief related to whether use of chemical agents on inmates with mental illness violated the Eighth Amendment was moot as to inmate who died during litigation).

Renn, distinguishing *ADT Security Services v. Swenson*, 687 F.Supp.2d at 890-91, argues that in this case "there is a clear showing or irreparable injury and a very real and very immediate threat that the plaintiff will be wronged again." [Doc. 15, p. 4]. However, Renn does not explain what the irreparable injury is or how Ortbals will be wronged again. Renn states that Ortbals, her estate, and her other successors have a "protected property interest in the outcome of the state law claim." *Id.* Yet Renn does not explain how a declaration from this Court that Defendants are "[r]equired under Federal Law to follow, abide by, and implement each of the prescribed standards of the MUTCD" threatens the estate's "protected property interest in the outcome of the state law claim." Likewise, Renn does not explain how an injunction prohibiting Defendants from further violating the MUTCD or from denying that they must follow the MUTCD impacts her state law claims.

Because the claims for declaratory and injunctive relief in this case are mooted by Ortbals' death, this Court does not have jurisdiction to hear it. In addition, because the claims are moot, the Court will not address Defendants' argument that Renn lacks capacity to sue on behalf of Ortbals. Accordingly, Defendants' Motion to Dismiss is granted, and Renn's Amended Complaint is dismissed without prejudice.

### III.  Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss, [Doc. 13], is granted.

4

s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated:  December 5, 2014
Jefferson City, Missouri